UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marjorie Eversole,

    Plaintiff,

    v.

Abubakar Atiq Durrani, *et al*.,

    Defendants.

Case No. 1:18cv856

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court upon the Motion for Judgment on the Pleadings filed by Defendants, Good Samaritan Hospital and TriHealth, Inc. (Doc. 54). Plaintiff filed a Response in Opposition (Doc. 59); and Defendants filed a Reply (Docs. 60, 61).[1]

"Over the last seven years, approximately 500 plaintiff-patients (represented by the same law firm) have brought medical malpractice and other tort claims in Ohio state and federal courts against former doctor Abubakar Durrani and several hospitals in the Cincinnati area where he performed surgeries." *Luse v. Durrani*, No. 21-3560, 2022 WL 94609, at *1 (6th Cir. Jan. 10, 2022). Plaintiff is one of these plaintiff-patients. Plaintiff alleges that Durrani performed surgery on her at Good Samaritan Hospital on August 6, 2010. (Doc. 1, PAGEID 5, 173). Plaintiff claims the surgery was unnecessary and improperly performed. Plaintiff brings the following claims against Good Samaritan

---

[1] It appears that the second Reply was filed based on a misunderstanding that Plaintiff's Response (Doc. 58) was filed in response to Defendants Good Samaritan Hospital and TriHealth, Inc.'s Motion for Judgment on the Pleadings, when in fact Plaintiff's response was directed to the Motion for Judgment on the Pleadings filed by Defendants Abubakar Atiq Durrani, M.D. and Center for Advanced Spine Technologies, Inc. (Doc. 55).

Hospital: Negligence (Count I); Negligent Credentialing, Supervision, And Retention (Count II); Fraud (Count III); Spoliation of Evidence (Count IV); violation of the Ohio Consumer Sales Practices Act (Count V); violation of the Ohio Products Liability Act (Count VI); and violation of Ohio's RICO statute, Ohio Revised Code § 2923.32 (Count VII).  Plaintiff also brings a claim for concealment and constructive fraud against all Defendants.

In their Motion to Dismiss, Defendants argue that Plaintiff's claims are barred by Ohio's statute of repose, which provides that "[n]o action upon a medical . . . claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical . . . claim."  *See* Ohio Revised Code § 2305.113(C).

This Court has ruled in another Durrani-related case that Ohio Revised Code § 2305.15(A) tolls the limitations period contained in Ohio Revised Code § 2305.113(C) because Durrani fled to Pakistan in December of 2013.[2]  *Brown v. Durrani*, No. 1:18CV785, 2021 WL 2779154, at *2 (S.D. Ohio July 2, 2021); *see also Elliot v. Durrani*, 2021 WL 4026356, *8 (Ohio Ct. App. Sept. 3, 2021) ("Based on the plain language, purpose, and history of R.C. 2305.15(A), as well as a cohesive reading of the Revised

---

[2]Ohio Revised Code § 2305.15(A) provides:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

Code, we conclude that R.C. 2305.15(A) applies to toll the four-year medical statute of repose in R.C. 2305.113(C)."). However, this Court also held that Durrani's abscondment to Pakistan only tolled the statute of repose as to Durrani. *Brown*, 2021 WL 2779154, at *3 (citing *Landrum v. Durrani*, Case No. 1:18-CV-807, 2020 WL 3501399, at *4 (S.D. Ohio June 29, 2020); *Luse v. Durrani*, Case No. 1:18-CV-851, 2021 WL 2012937, at *3 (S.D. Ohio May 19, 2021)). Therefore, Durrani's flight does not toll the statute of repose for the hospital where the plaintiff's surgery was performed.

Here, Durrani last performed surgery on Plaintiff at Good Samaritan Hospital on August 6, 2010. (Doc. 1, PAGEID 5, 173). Plaintiff filed her original complaint in the Hamilton County Court of Common Pleas on August 15, 2016. Plaintiff later voluntarily dismissed her state court complaint and filed her complaint in this Court on December 4, 2018. Under either filing date, Plaintiff's medical claims were clearly filed outside the four-year statute of repose found at Ohio Revised Code § 2305.113(C).

In addition, the Sixth Circuit has found in the Durrani-related cases that the claims for fraud and negligent hiring, supervision, and retention fall under the broad definition of "medical claims" in the statute of repose. *Levandofsky v. Durrani*, No. 20-4104, 2021 WL 5710122, at *3 (6th Cir. Dec. 2, 2021). Similarly, this Court has found that the claims under the Ohio Consumer Sales Protection Act, Ohio Products Liability Act and Ohio's RICO statute are "medical claims." *Landrum v. Durrani*, No. 1:18-CV-807, 2020 WL 3512808, at *5 (S.D. Ohio Mar. 25, 2020).[3] Furthermore, the Sixth Circuit has refused to create a fraud exception to the medical claim statute of repose. *Luse v. Durrani*, No. 21-

---

[3] In response to Defendants' Motion for Judgment on the Pleadings, Plaintiff did not dispute that her claim under Ohio's RICO statute (Count VII) is a "medical claim" time-barred by the medical claims statute of repose.

3560, 2022 WL 94609, at *2 (6th Cir. Jan. 10, 2022) (dismissing similar claims against The Christ Hospital under Ohio's four-year statute of repose in § 2305.113(E)(3)).  Finally, the Sixth Circuit has also rejected the argument that the foreign object exception to the statute of repose applies to these cases.  *Levandofsky*, 2021 WL 5710122, at *2 (explaining that BMP-2 is not a foreign object because Durrani intentionally inserted and left BMP-2 in the patients' body).  Accordingly, Plaintiff's claims against Defendants Good Samaritan Hospital and TriHealth, Inc. for Negligence (Count I); Negligent Credentialing, Supervision, And Retention (Count II); Fraud (Count III); violation of the Ohio Consumer Sales Practices Act (Count V); violation of the Ohio Products Liability Act (Count VI); violation of Ohio's RICO statute, Ohio Revised Code § 2923.32 (Count VII); and claim for concealment and constructive fraud are barred by the statute of repose.  Because there is no longer any litigation pending against Defendants, Plaintiff's claim for Spoliation of Evidence (Count IV) is also dismissed.  *Accord Stidham v. Durrani*, No. 1:18-CV-810, 2021 WL 2013024, at *3 n.4 (S.D. Ohio May 19, 2021).

Therefore, it is hereby **ORDERED** that Defendants Good Samaritan Hospital and TriHealth, Inc.'s Motion for Judgment on the Pleadings (Doc. 54) is **GRANTED.**  Plaintiff's claims against Defendants Good Samaritan Hospital and TriHealth, Inc. are **DISMISSED**; and Defendants Good Samaritan Hospital and TriHealth, Inc. are terminated as a parties.

**IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                               JUDGE MICHAEL R. BARRETT